# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN KELLY; DAVID SINGLETARY; JON CARPENTER,<br><br>          Plaintiffs,<br><br> vs.<br><br>7-ELEVEN INC.,<br><br>          Defendant. | **CASE NO. 09-CV-1376**<br><br>**ORDER DENYING DEFENDANT'S SPECIAL MOTION TO STRIKE AND MOTION TO DISMISS** |

Plaintiff David Singletary filed a complaint against 7-Eleven, Inc. ("Defendant") in Superior Court of the State of California on May 15, 2009. (Doc. No. 1, Compl.) On June 25, 2009, Defendant filed a notice of removal. (Doc. No. 1.) David Singletary, along with John Kelly and Jon Carpenter ("Plaintiffs") filed a first amended complaint on July 1, 2009, and a motion for leave to file a second amended complaint on July 15, 2009. (Doc. No. 7.) The Court granted Plaintiffs' motion for leave to amend on August 31, 2009. (Doc. No. 9.) On September 17, 2009, Defendant filed a special motion to strike and dismiss Plaintiffs' complaint pursuant to California Code of Civil Procedure section 425.16 and Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 10.) Plaintiffs filed a response in opposition to Defendant's motion to strike and dismiss on October 15, 2009. (Doc. No. 11.) Defendant filed a reply on October 20, 2009. (Doc. No. 13.) The Court exercises its discretion to decide this matter on the papers pursuant to Local Civil Rule 7.1(d)(1).

///

## BACKGROUND

Plaintiffs, on behalf of themselves and a proposed class of similarly situated individuals, allege that Defendant has violated the Americans with Disabilities Act (ADA) and state law by engaging in a pattern of discrimination related to parking access barriers. (Second Amended Complaint ("SAC") ¶ 17.) Additionally, Plaintiffs allege that Defendant's pattern of discrimination extends to its use of "attorneys to engage in protracted litigation and defam[e] Plaintiff ADA bar to avoid ADA compliance." (Id.) Plaintiffs allege four claims under the ADA: (1) Denial of full and equal access; (2) failure to make alterations; (3) failure to remove architectural barriers; and (4) failure to modify practices, policies, and procedures. Plaintiffs also allege three claims under California law: (1) Denial of full and equal access; (2) failure to modify practices, policies, and procedures; and (3) violation of the Unruh Act.

Defendant alleges that Plaintiffs' lawsuit is a Strategic Lawsuit Against Public Participation ("SLAPP") and moves to strike it under California's Anti-SLAPP provision. (Doc. No. 10 at 7.) Defendant's allegation is based on its contention that "Plaintiffs' claims arise from 7-Eleven's retention of attorneys to defend itself in litigation." (Id. at 8.) Additionally, Defendant moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiffs' complaint because "Plaintiffs have no facts to support a plausible discrimination claim." (Id. at 7.)

## DISCUSSION

**I.    Anti-SLAPP Motion to Strike**

**A.    Legal standard**

California's Anti-SLAPP Law was enacted to combat "a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). To prevail on an Anti-SLAPP motion to strike, a moving party must make a prima facie showing that the lawsuit arises from "any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Id. § 425.16(b)(1); see U.S. v. Lockheed Missiles & Space Co., Inc., 190 F.3d 963, 971 (9th

Cir. 1999). Once this showing has been made, the burden shifts to the plaintiff to establish a "reasonable probability" that it will succeed on the merits. See Lockheed Missiles, 190 F.3d at 971.

Under section 425.16, there are four categories of protected speech: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law; (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law; (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest; (4) or any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e).

**B.    Federal claims**

Plaintiffs argue that an Anti-SLAPP motion to strike cannot be used to dismiss their claims under the ADA because section 425.16 does not apply to causes of action based on federal law. (Doc. No. 11 at 3.) In its reply brief, Defendant concedes that California's Anti-SLAPP law does not apply to Plaintiffs' federal claims. (Doc. No. 13 at 2.) As the Ninth Circuit recently acknowledged, "a federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims." Hilton v. Hallmark Cards, 580 F.3d 874, 881 (9th Cir. 2009). Plaintiffs' first cause of action includes four claims under the ADA. Since all four claims are based on federal law, the Court may not entertain Defendant's Anti-SLAPP motion to strike. Accordingly, Defendant's motion to strike is denied as to Plaintiffs' federal ADA claims.

**C.    State law claims**

With respect to the state law claims, the Court must first determine whether Defendant has made a prima facie showing that Plaintiffs' claims arise from Defendant's "right of petition or free speech." Cal. Civ. Proc. Code § 425.16(b)(1); Lockheed Missiles, 190 F.3d at 971. Plaintiffs allege a pattern of discrimination based on Defendant's failure to remove barriers and

its use of attorneys to engage in protracted litigation. (SAC ¶ 17.) These allegations are incorporated into each of Plaintiffs' state law claims. Defendant argues that its use of attorneys to defend itself in litigation is a protected activity, and that Plaintiffs' allegations place their claims squarely within California's Anti-SLAPP statute. (Doc. No. 10 at 8.) Plaintiffs, however, argue that their claims are based essentially on nonprotected activity, and that any allegations based on protected activity are only incidental. (Doc. No. 11 at 7.)

In a cause of action that includes both protected and nonprotected activity, "it is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies, and when the allegations referring to arguably protected activity are only incidental to a cause of action based essentially on nonprotected activity, collateral allusions to protected activity should not subject the cause of action to the anti-SLAPP statute." Martinez v. Metabolife Intern., Inc., 113 Cal. App. 4th 181, 188 (2003) (citation omitted). This rule attempts to strike a subtle balance between competing interests. While a defendant should not be able to take advantage of the anti-SLAPP statute simply because there is some reference to protected activity in the complaint, a plaintiff should not be able to frustrate the purpose of the SLAPP statute by combining allegations of protected and nonprotected activity in a single cause of action. See id.

The Court concludes that the principal thrust or gravamen of Plaintiffs' state law claims focuses on Defendant's alleged failure to provide accessible parking. Plaintiffs' first claim in their state law cause of action focuses on Defendant's alleged failure to provide full and equal access to Defendant's facilities. (SAC ¶¶ 34-5.) While the claim incorporates the references to litigation practices, the focus of the claim is clearly on Defendant's alleged failure to remove physical barriers to access. Plaintiffs' second claim focuses on Defendant's alleged failure to modify practices, policies and procedures. (SAC ¶ 36.) This claim more closely implicates the allegations regarding Defendant's litigation practices. However, the Court finds that the references to protected activity are incidental to the principal thrust of Plaintiffs' claim. In detailing the allegedly prohibited practices, policies and procedures, Plaintiffs' focus on Defendant's failure to provide handicapped accessible parking, and not Defendant's litigation

practices. (See SAC ¶¶ 19-23.) Plaintiffs' third state law claim is for alleged violations of California's Unruh Act. (SAC ¶¶ 37-9.) As is the case with the first state law claim, the allegations focus on the existence of physical barriers to entry, and any incorporated references to litigation practices are merely incidental.

The Court finds that Plaintiffs' references to protected activity in their state law claims are incidental to the principal thrust of their allegations, which focus on unprotected activity. Defendants have therefore failed to make a prima facie showing that the lawsuit arises from protected activity. Accordingly, the Court denies Defendant's special motion to strike as to Plaintiffs' state law claims.

**II.     Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. Navarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to evade dismissal under a Rule 12(b)(6) motion. Porter v. Jones, 319 F.3d 483, 494 (9th Cir. 2003). Rule 8(a)(2) requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The function of this pleading requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–36 (3d ed. 2004)). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff.

1  However, conclusory allegations of law and unwarranted inferences are insufficient to defeat
2  a motion to dismiss for failure to state a claim." Epstein v. Wash. Energy Co., 83 F.3d 1136,
3  1140 (9th Cir. 1996); see also Twombly, 550 U.S. at 555.

4  Defendant alleges that "[t]he complaint is devoid of any factual allegations that support
5  a plausible claim of a discriminatory practice." (Doc. No. 10 at 12.)  The Court disagrees.
6  Plaintiffs allege that they have physical impairments that limit their ability to walk.  (SAC ¶
7  25.) Plaintiffs also allege that Defendant had substantial control over some or all of the leased
8  stores, had actual knowledge of the ADA's requirements, and deliberately failed to remove
9  architectural barriers. (Id. ¶ 23.) Moreover, Plaintiffs argue that "expert testimony will show
10 a statistical[ly] valid and reliable sample of the facilities contained inaccessible features." (Id.)
11 Beyond these general allegations, Plaintiffs detail specific instances where each named
12 Plaintiff encountered parking access barriers at one of Defendant's facilities.  (Id. ¶¶ 19-21.)

13 From these facts and others presented in the complaint, the Court finds that Plaintiffs
14 have presented far more than "naked assertion[s] devoid of further factual enhancement" with
15 respect to Defendant's alleged pattern or practice of discrimination.  Ashcroft v. Iqbal, 129
16 S.Ct. at 1949 (quotation marks and citation omitted).  Rather, viewing the facts in the light
17 most favorable to Plaintiffs, the Court finds that Plaintiffs have pled sufficient facts state a
18 claim upon which relief can be granted.  Accordingly, the Court denies Defendant's motion
19 to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

20 **IT IS SO ORDERED**.
21 DATED: October 20, 2009

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

24 COPIES TO:
25 All parties of record